**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AMEN E. IDUMWONYI,

    Plaintiff,

v.                                                              Case No. 3:13-cv-1319-J-99MMH-JBT

CONVERGYS CUSTOMER
MANAGEMENT GROUP, DUVAL
COUNTY COURTHOUSE, AND CIRCUIT
COURT OF APPEALS,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte. On October 29, 2013, Plaintiff, who is proceeding pro se, filed a Complaint (Doc. No. 1). Noting various deficiencies in the Complaint, on November 12, 2013, United States Magistrate Judge Joel B. Toomey entered an Order directing Plaintiff to file an amended complaint (Doc. No. 4; Order). On December 3, 2013, Plaintiff, filed a document which has been docketed as an "Amended Complaint" (Doc. No. 5). Plaintiff included as an attachment to this document a 42-page supplemental document. Upon review of these two documents, the Court finds that neither is an amended complaint. The main document appears to be a copy of an appellate brief, which may have been filed with Florida's First District Court of Appeal.[1] The attachment appears to be a diary

---

[1] Given Plaintiff's filing of this brief, the Court reiterates here Judge Toomey's caution regarding a federal court's ability to review or interfere with state court proceedings:

To the extent Plaintiff seeks a review of . . . state court proceedings (whether ongoing or concluded) in federal court, this Court lacks jurisdiction for such a review. Under the Younger abstention doctrine, federal courts are precluded from engaging in "undue interference with state proceedings," New Orleans Pub. Serv. Inc. v. Council of New Orleans, 491 U.S. 350, 359

(continued...)

or a recording of a series of events. Neither document identifies the basis of the Court's jurisdiction, Plaintiff's legal causes of action, or his claim for relief. See FED. R. CIV. P. 8(a).

While pro se complaints are to be held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant must still be required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). The Federal Rules of Civil Procedure (Rule(s)) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

Rule 10(b) provides, in pertinent part:

> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .

---

¹(...continued)
(1989), if (1) the state proceeding is ongoing, (2) the state proceeding implicates an important state interest, and (3) the federal court plaintiff has an adequate opportunity to raise a constitutional challenge before the state court. Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997). Further, pursuant to the Rooker-Feldman abstention doctrine, "federal district courts cannot review state-court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558. F.3d 1258, 1260 (11th Cir. 2009).

Order at 5 n.3.

> If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .

FED. R. CIV. P. 10(b). See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

Pursuant to Rule 15(a), "a party may amend its pleading . . . with . . . the court's leave." FED. R. CIV. P. 15(a)(2). An amended complaint, however, supercedes a prior complaint, and the only issues before the court are the ones raised in the text of the amended document. Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982); Smith v. Polk Cnty., Fla., No. 8:05-CV-873-T-30MSS, 2005 WL 2129189, at * 1 (M.D. Fla. Sept. 2, 2005). "'[T]he original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" Riley, 222 F. App'x at 898 (quoting Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)). An amended complaint may not refer to or incorporate any allegations of the initial complaint or prior amended complaint. See id.

As written, Plaintiff's "Amended Complaint" fails to articulate his claims "with sufficient clarity to allow [Defendants] to frame a responsive pleading." Lampkin-Asam v. Volusia County Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008). Moreover, the Court cannot discern whether it has jurisdiction over this action. Thus, the Amended Complaint is due to be stricken. Of course, Plaintiff will be permitted to file a Second Amended Complaint consistent with this Order.

The Second Amended Complaint must include all of Plaintiff's claims in this action. It must be self-contained and it may not refer back to Plaintiff's original filings. Plaintiff is reminded that federal courts are courts of limited jurisdiction and his amended complaint must

contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." FED. R. CIV. P. 8(a)(1).  Plaintiff must set forth with specificity the nature of his causes of action and how each defendant is involved in the alleged wrongdoing. Plaintiff is further advised that Rule 8(a)(2) requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 10(b) states that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).  Finally, Rule 8(a)(3) requires a complaint include "a demand for the relief sought."

Plaintiff is cautioned that failure to file a Second Amended Complaint consistent with the Court's directives may result in dismissal of this action.

Upon due consideration, it is hereby

**ORDERED**:

1.	Plaintiff's Amended Complaint (Doc. No. 5) is **STRICKEN**.

2.	Plaintiff shall file a Second Amended Complaint consistent with the directives of this Order and the Federal Rules of Civil Procedure on or before **January 5, 2014**.  Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, this 5th day of December, 2013.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc18

Copies to:

Pro se parties

Counsel of Record